## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CUSTOM RETAINING WALLS, LLC;** | § | |
| **GERARDO'S LANDSCAPING, INC.;** | § | |
| **ROSELAND LANDSCAPE & DESIGN** | § | |
| **INC.; and GABRIEL RUFFOLO** | § | **Case No. 1:23-CV-00316-DAE** |
| **LANDSCAPING INC.,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BRENT PARTON, Principal Deputy** | § | |
| **Assistant Secretary of Labor, in his** | § | |
| **official capacity; BRIAN PASTERNAK,** | § | |
| **Administrative Office of Foreign Labor** | § | |
| **Certification, in his official capacity; and** | § | |
| **the EMPLOYMENT TRAINING** | § | |
| **ADMINISTRATION,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Defendants' Motion for the Case to Proceed on the Administrative Record (Dkt. 47), filed July 8, 2024; Plaintiffs' Response (Dkt. 48), filed July 19, 2024; and Defendants' Reply (Dkt. 49), filed July 26, 2024.[1]

## I.    Background

Plaintiffs Custom Retaining Walls, LLC, Gerardo's Landscaping, Inc., Roseland Landscape & Design Inc., and Gabriel Ruffolo Landscaping Inc. are employers who recruit temporary foreign workers for seasonal labor through the H-2B visa program. Second Amended Complaint, Dkt. 42 ¶¶ 1-4. They challenge an administrative decision by the Department of Labor to ban them from participating in the H-2B visa program administered by Defendants ("DOL").[2] *Id.* ¶ 42.

---

[1] By text order entered August 7, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

[2] The Employment and Training Administration is an agency within the DOL responsible for administering parts of the H-2B visa program, including debarments. Dkt. 42 ¶ 7.

Plaintiffs make the following allegations: Because there were too many requests for H-2B visas, the DOL instituted a lottery system that randomly determined employers' chances of obtaining the visas. *Id.* ¶¶ 14-16. When the H-2B visa cap was temporarily increased, the DOL required employers randomly sorted into the lower priority group to attest that they were likely to suffer irreparable harm if they did not receive all the workers requested. *Id.* ¶¶ 17-19. Plaintiffs, who were sorted into the lower priority group, petitioned for and received additional H-2B visas and attested to irreparable harm, as required. *Id.* ¶¶ 19-20.

The DOL later selected Plaintiffs for audit and required them to submit evidence of the irreparable harm to which they attested, which they could not provide because they had received the requested visas. *Id.* ¶¶ 21-22. Plaintiffs were then debarred from the H-2B program for five years, the greatest punishment available. *Id.* ¶ 23. They were also denied the opportunity to reopen their debarment proceedings unless they filed an ethics complaint against their counsel, although other applicants had been permitted to reopen proceedings without that condition. *Id.* ¶ 25.

Plaintiffs assert three claims, alleging that the DOL (1) violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706, by imposing the irreparable harm requirement; (2) discriminated among similarly situated applicants by requiring a showing of irreparable harm, violating their rights under the Equal Protection Clause of the Fourteenth Amendment; and (3) retaliated against them and their counsel in selecting Plaintiffs for audit, seeking their debarment, imposing the maximum debarment penalty, and refusing to set aside debarment orders unless Plaintiffs pursued ethics complaints against their counsel, in violation of the Due Process Clause, Equal Protection Clause, First Amendment Petition Clause, Seventh Amendment, and the H-2B program's regulatory authority, 20 C.F.R. § 655.7. They seek a declaratory judgment that the irreparable harm showing is unlawful, arbitrary and capricious, and exceeds DOL authority.

The District Court granted Defendants' Unopposed Motion to Extend Scheduling Order Deadlines (Dkt. 45) and ordered that discovery be stayed for 90 days "to give Defendants time to, as expeditiously as possible, file a motion for a longer stay for the case to proceed on the administrative record." Dkt. 38 at 26. The DOL filed this motion, arguing that the APA applies to all three of Plaintiffs' claims and the case should proceed on the administrative record ("AR") as to each. Dkt. 47 at 1. In the alternative, in its reply brief, the DOL asks the Court brief to extend the stay of discovery pending submission and review of the record. Dkt. 49 at 2, 6.

Plaintiffs argue that the APA does not restrict discovery on their constitutional claims, contending that "if, as expected the AR is silent as to issues relevant to their constitutional claims, Plaintiffs are entitled to conduct discovery." Dkt. 48 at 9-10. But they also call the DOL's motion to proceed on the administrative record "woefully premature," stating: "It is frankly astounding that the Government asks the Court to rule on these issues without having first provided the Court and Plaintiffs the proposed administrative record on which the Government asserts the case should proceed." Dkt. 48 at 3-4. They ask the Court to deny the motion entirely or, in the alternative, without prejudice to refiling after the proposed administrative record has been filed, "thereby preserving the ability of both the Court and Plaintiffs to evaluate whatever the Government may later present as a proposed AR *before* ruling on the propriety of supplementing it." *Id.* at 4-5, 11.

## II.     Analysis

When a plaintiff brings a claim under the APA, the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Budhathoki v. Nielsen*, 898 F.3d 504, 517 (5th Cir. 2018) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). A court cannot consider other evidence unless a party demonstrates that unusual circumstances justify departing from the general presumption that review is limited to the record compiled by the agency. *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687,

706 (5th Cir. 2010). A party seeking to supplement the administrative record must provide reasonable, non-speculative grounds that the record is incomplete. *Save Barton Creek Ass'n v. Tex Dep't of Transp.*, No. 1:19-CV-761 RP, 2021 WL 3849723, at *2-3 (W.D. Tex. Aug. 27, 2021).

This Magistrate Judge agrees with Plaintiffs that it would be premature to decide the merits of the DOL's motion before submission of the administrative record. *See Dep't of Commerce v. New York*, 588 U.S. 752, 782 (2019) (stating that it was "premature" to order extra-record discovery and completion of the administrative record at the same time). Therefore, the Court adopts both parties' alternative proposal to deny the DOL's motion with leave to refile pending submission and review of the record.

### III.    Conclusion

This Magistrate Judge **ORDERS** that Defendants' Motion to Proceed on the Administrative Record (Dkt. 47) is **DENIED** without prejudice to refiling after submission of the administrative record.

**IT IS FURTHER ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on November 6, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE